UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL A. WESCOTT,

           Plaintiff,

   v.

JIM UPSHAW, *et al.*,

           Defendants.

CASE NO. 3:19-cv-05898-RJB

ORDER RENOTING *IN FORMA PAUPERIS* APPLICATION, DISMISSING PROPOSED COMPLAINT WITHOUT PREJUDICE, AND TO SUBMIT A NEW PROPOSED COMPLAINT

Plaintiff, who proceeds *pro se*, requests to proceed *in forma pauperis* ("IFP") in this civil matter alleging diversity jurisdiction. Pursuant to Amended General Order 02-19, the District Court has referred plaintiff's application to the undersigned.

Because plaintiff's allegations are insufficient to establish that this Court has diversity jurisdiction over the claims in plaintiff's complaint, his proposed complaint is dismissed without prejudice. If plaintiff wishes to proceed *in forma pauperis*, he must file a proposed amended complaint that adequately states a claim on or before **November 22, 2019.**

///

///

## BACKGROUND

Plaintiff, who says that he is a resident of San Francisco County, California (Dkt. 1-2, at 1), and whose mailing address is in San Francisco, California (Dkt. 2), initiated this matter by filing an IFP application, including a proposed complaint, on September 24, 2019. Dkt. 1.

Plaintiff's proposed complaint invokes the Court's diversity jurisdiction and seeks to bring suit against four named defendants: HPA Mortgage, LLC ("a California LLC"), Chis Patterson and Jim Upshaw (who plaintiff alleges are Washington residents), and Upshaw Performance Systems, Inc. ("a Corporation in Port Townsend, Washington"). Dkt. 1-1, at 2. Plaintiff also lists 25 John Doe defendants. Plaintiff states that he "is an individual who resided in San Francisco, California for many years and is still in San Francisco." Dkt. 1-1, at 2.

Plaintiff states that he is an international real estate developer, that defendants had invested approximately $675,000 in one of plaintiff's properties in Ecuador, and that the mortgage debt totaled more than $3 million per defendants' accounting and was cross-collateralized with a second property. *See* Dkt. 1-1, at 6. Plaintiff claims that after the primary property's value dropped, he contracted with defendants' agent, acting on defendants' behalf, to sell the second property to a third party—with defendants agreeing to "remove and reconvey the mortgage"—in order to recoup some of the investors' losses. *See* Dkt. 1-1, at 8. However, plaintiff alleges that defendants, through their agent, failed to honor their obligation to reconvey the mortgage on the second property after it was sold. *See* Dkt. 1-1, at 10. Plaintiff further alleges extortion and conversion by defendants' agent. *See* Dkt. 1-1, at 10. Based on these allegations, plaintiff alleges breach of contract, promissory estoppel, conversion, tortious interference with business expectancy, breach of the covenant of good faith and fair dealing, and requests an accounting. *See* Dkt. 1-1, at 10–14.

The matter is before the Court to screen plaintiff's *in forma pauperis* application—including his proposed complaint—under 28 U.S.C. § 1915(e).[1]

**DISCUSSION**

Under 28 U.S.C. § 1915(e)(2), the Court is authorized to review the sufficiency of a pleading when a plaintiff seeks to proceed *in forma pauperis*. Moreover, federal courts are under a continuing duty to confirm their jurisdiction power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

This Court is one of limited jurisdiction—meaning that it must have subject matter jurisdiction over the claims alleged. Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). However, to proceed under the Court's diversity jurisdiction, plaintiff must allege complete diversity of the parties—that is, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A natural person's citizenship for purposes of § 1332 is determined by his "state of domicile"—that is, his "permanent home, where []he resides with the intention to remain or to which []he intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Here, plaintiff's allegations support that he is a "citizen" within the meaning of § 1332 of the

---

[1] The Court notes that plaintiff has already filed a similar complaint in the Northern District of California, which dismissed the matter for lack of subject matter jurisdiction. *See Wescott v. Upshaw*, 19-cv-01640-KAW, 2019 WL 3255172 (N.D. Cal. June 12, 2019).

State of California—in his complaint, he states that he "resided in" California for many years and is "still in San Francisco." Dkt. 1-1, at 2.

Plaintiff also names an LLC defendant—"a California LLC." Dkt. 1-1, at 2. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff does not identify all the members of the LLC, but he does list one—defendants' agent—who he states is a "licensed real estate broker . . . in the State of California." Dkt. 1-1, at 2.

Plaintiff's allegations fail to establish diversity jurisdiction because he does not identify the citizenship of each of the LLC's members. Moreover, he specifically identifies one LLC member—the agent—who appears to be a California "citizen" within the meaning of § 1332. And to the extent that any other information is provided about the LLC's unidentified members, plaintiff alleges that the LLC is a California entity—thus, presumably, one with at least some California members/owners.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Here, plaintiff does not meet his burden to invoke diversity jurisdiction—indeed, the allegations of his complaint appear to establish that this Court does not have diversity jurisdiction.

This matter cannot go forward without plaintiff appropriately invoking the Court's jurisdiction. If plaintiff is able to allege diversity of citizenship, plaintiff is granted leave to amend his proposed complaint.

///

///

**DIRECTIONS TO THE CLERK AND TO PLAINTIFF**

The Court does not appear to have subject matter jurisdiction over this case, based upon the allegations in the proposed complaint. Dkt. 1-1. Therefore, the proposed complaint is dismissed without prejudice, meaning that plaintiff may file an amended proposed complaint in support of his application, if he is able to adequately allege diversity jurisdiction. The undersigned will not rule on plaintiff's IFP application until plaintiff has submitted an adequate proposed complaint. Moreover, plaintiff must either pay the filing fee and submit an adequate complaint or must be granted leave to proceed IFP if he wishes to proceed with this matter.

The Clerk shall update the docket to reflect dismissal of plaintiff's proposed complaint (Dkt. 1-1) without prejudice and shall renote plaintiff's IFP application (Dkt. 1) for **November 22, 2019.** Plaintiff shall submit a proposed amended complaint or otherwise comply with this Order on or before **November 22, 2019.** Failure to comply with the terms of this Order shall be deemed failure to prosecute and may result in the undersigned recommending dismissal of this matter without prejudice.

It is so ordered.

Dated this 21st day of October, 2019.

J. Richard Creatura
United States Magistrate Judge