UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL A. WESCOTT,

                Plaintiff,

    v.

JIM UPSHAW, *et al.*,

                Defendants.

CASE NO. 3:19-cv-05898-RJB

REPORT AND RECOMMENDATION

NOTED FOR: January 3, 2020

Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.  The undersigned recommends that plaintiff's IFP application be denied, that the matter be dismissed without prejudice, and that the case be closed.

**BACKGROUND**

Plaintiff initiated this matter by filing an application to proceed IFP in September 2019. *See* Dkt. 1.  The undersigned reviewed plaintiff's application and proposed complaint and

REPORT AND RECOMMENDATION - 1

determined that plaintiff's allegations were insufficient to establish that this Court has diversity jurisdiction over the claims in plaintiff's proposed complaint.  Therefore, the Court dismissed plaintiff's proposed complaint without prejudice and directed plaintiff that if he wished to proceed IFP, he had to file an adequate proposed amended complaint on or before November 22, 2019.  *See* Dkt. 3, at 1.  The Court specifically informed plaintiff that he had to either pay the filing fee and submit an adequate proposed amended complaint or be granted leave to proceed IFP if he wished to proceed with this matter.  Moreover, failure to comply with the Court's Order would be deemed a failure to prosecute and would result in the undersigned recommending dismissal of the matter without prejudice.  *See* Dkt. 3, at 5.

Plaintiff has taken no action in response to the Court's Order, and the time in which to do so has passed.  *See* Dkt.  Therefore, plaintiff's IFP application should be denied, and this matter should be dismissed without prejudice for failure to prosecute and to comply with a Court Order.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 3, 2020, as noted in the caption.

Dated this 20th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge